[No. C.D. 4090. En Banc. August 3, 1972.]

*In the Matter of the Disciplinary Proceeding Against*
Victor Evald Haglund, *an Attorney at Law.*

*Jack P. Scholfield,* for Board of Governors.

Finley, J.—This is a disciplinary matter coming before the court on the recommendation of the trial panel and the Board of Governors of the Washington State Bar Association that Victor Haglund, an attorney at law, be suspended from the practice of law for a period of 60 days on each of two items of the complaint against him, the periods of suspension to run concurrently, and that he be reprimanded on two other items of the complaint.

On October 14, 1970, the president of the Washington State Bar Association, at the direction of the disciplinary board, filed a formal complaint containing four items of alleged misconduct by Mr. Haglund. It is alleged that each item constituted breaches of certain Canons of Professional Ethics (CPE) and Discipline Rules for Attorneys (DRA). The complaint prayed for a hearing before a hearing panel as provided by the DRA. After formal answer by respondent Haglund, a hearing was held on December 17, 1970, before a duly constituted hearing panel. Respondent was

represented by counsel. The hearing panel entered its findings of fact, conclusions, and recommendations.

On item 1 of the complaint, which alleged violation of CPE 11 in accepting $100 for the purpose of providing bail for a client and then failing to provide the bail and failing to return the money on request, the hearing panel recommended a reprimand.

On item 2 of the complaint, which alleged violation of CPE 11, 12, and 29 (by accepting $2,500 as an attorney's fee to represent a client in a parole revocation hearing and then failing to appear at the hearing; failing to return the money upon request, and requesting additional fees when the sums paid had not been earned), the hearing panel recommended suspension from practice for a period of 60 days.

On item 3 of the complaint, which alleged violations of CPE 1 and 29 and DRA 1.1(c) and (i) (by appearing in Superior Court for Snohomish County in June and July of 1970 in a confused and disoriented state of mind which seriously impaired his ability to represent his client), the hearing panel recommended a reprimand.

On item 4 of the complaint, which alleged violation of DRA 1.1(a) (by being involved in a disturbance at the home of a woman friend, being on that occasion under the influence of alcohol, resisting arrest, and causing charges of being drunk in public and resisting arrest to be brought against him), the hearing panel recommended suspension from practice for 60 days, such period to run concurrently with the suspension under item 2 of the complaint.

The disciplinary board of the Washington State Bar Association approved and adopted the recommendations of the hearing panel, and on January 21, 1972, the Board of Governors concurred in the findings and recommendations of the disciplinary board. The complete record is now before this court for consideration and final determination. Mr. Haglund does not contest the findings and recommendations of the Bar Association, and has chosen not to file a brief or make oral argument before this court.

 The object and purpose of disciplinary proceedings was stated by this court in *In re Steinberg*, 44 Wn.2d 707, 715, 269 P.2d 970 (1954):

The basic reason of all disciplinary action—reprimand, suspension, or disbarment—is broad. It is for the protection of the public. It is to preserve public confidence in the judicial system and protect it from misconduct.

 In *In re Little*, 40 Wn.2d 421, 430, 244 P.2d 255 (1952), this court defined the burden the Bar Association must meet and the rights that must be extended to the respondent:

Every doubt should be resolved in his favor, and only upon a clear preponderance of the evidence that the acts charged have been done, and were prompted by improper motives, should disciplinary action be taken. The privilege—and it is a privilege, not a right—to practice his profession cannot be lost to the practitioner upon slight evidence.

We have examined the record and have considered in this regard the brief and argument presented by the Washington State Bar Association. We accept the conclusion of the Bar Association that the recommended disciplinary action will adequately protect the public and preserve public confidence in the legal profession. We are also convinced that the Bar Association has met the burden of proof described in *In re Little, supra*.

We therefore adopt the recommendations of the Bar Association, that Mr. Haglund be reprimanded for his conduct in regard to items 1 and 3 of the complaint. For his conduct in regard to items 2 and 4 of the complaint, he shall be suspended from practice for a period of 60 days commencing when this decision becomes final under the rules of this court. Costs are hereby assessed pursuant to DRA 7.1.

ROSELLINI, HUNTER, NEILL, and WRIGHT, JJ., concur.

STAFFORD, J. (dissenting)—The discipline imposed by the majority is based upon recommendations of the Board of Governors of the Washington State Bar Association. While

the recommendations are entitled to serious consideration, they are advisory only. *In re Kennedy,* 80 Wn.2d 222, 492 P.2d 1364 (1972); *In re Simmons,* 59 Wn.2d 689, 369 P.2d 947 (1962). We cannot escape the fact that in all disciplinary actions the ultimate responsibility rests *solely* with this court. *In re Kennedy, supra; In re Caffrey,* 63 Wn.2d 1, 385 P.2d 383 (1963); *In re Simmons, supra; In re Durham,* 41 Wn.2d 609, 251 P.2d 169 (1952).

In making the ultimate determination this court has almost uniformly adhered to the following standards:

(1) Consideration of the seriousness and circumstances of the offense.

(2) A punishment of the offender which should be sufficient to prevent reoccurrence.

(3) A penalty sufficient to deter other practitioners from engaging in such conduct.

(4) Punishment sufficient to restore and maintain respect for the honor and dignity of the profession, and to assure those who seek the services of lawyers that the penalties for unprofessional conduct will be strictly enforced.

*In re Kennedy, supra; In re Pennington,* 73 Wn.2d 601, 440 P.2d 175 (1968); *In re Simmons, supra.*

Considering the nature of our responsibility, as well as the foregoing standards, the discipline imposed herein is wholly inadequate in light of the undisputed findings of the Board of Governors.

In the first item of the complaint the findings reveal that respondent, Victor Haglund, accepted $100 "for the sole purpose of securing bail" for a client. Thereafter, respondent failed to contact him in jail and neither posted the bail nor returned it upon demand. A mere reprimand is totally inadequate for such misuse of trust property in violation of CPE 11. It does not conform to any of the foregoing standards adopted by this court. Respondent should be suspended from practice for a minimum of 30 days on this item.

Nothing will be gained by repeating the facts pertaining to the second item of the complaint related by the majority.

Nevertheless, it must be added that respondent admits he requested an additional four or five thousand dollars after his client's parole was revoked. It is not clear what further service respondent felt he could render for the extra fee, at that stage of the proceedings.

On the second item of the complaint I agree respondent should be suspended from practice for 60 days. I do not agree, however, that the penalty for his violation of CPE 11, 12 and 29 should run concurrently with that set in item 4. Concurrent imposition of the penalty gives inadequate consideration to the third and fourth standards set forth above.

Item 3 of the complaint alleges violations of CPE 1 and 29 and DRA 1.1(c) and (i). The undisputed findings reveal that on three occasions within a period of 3 months respondent appeared in superior court while in a confused and disoriented state of mind that impaired his ability to represent his client. The statement of facts discloses that on at least one such occasion the trial judge found it necessary to remove him from the case and to assign other counsel.

I cannot agree that mere reprimand is adequate for one whom the Board of Governors agrees has violated his duty as a lawyer under CPE 1 and has failed to uphold the honor and dignity of the profession pursuant to CPE 29. On this item of the complaint he should be suspended from practice for 30 days. To do otherwise would be to overlook all four elements of our previously adopted standards. Nevertheless, I have no objection to the penalty herein running concurrently with the penalty I have proposed in item 1.

The fourth item of complaint alleges a violation of DRA 1.1(a). I quote verbatim from the board's findings, deleting the name of the woman involved and other matters dealing with a personal association that is not particularly pertinent.

That on or about June 17, 1970 law enforcement officers placed Victor Haglund under arrest in the vicinity of the . . . home . . . and he resisted arrest at that time. This event occurred in the presence of and probable hearing of six or seven neighbors.

That charges of being drunk in public and resisting arrest were filed against Mr. Haglund who forfeited bail of $20 on the drunk in public charge on September 3, 1970 and forfeited bail of $125 on the same date on the charge of resisting arrest, said charges and forfeitures being in the Everett District Court . . .

I agree that respondent should be suspended from the practice of law for a period of 60 days on this item of the complaint. But, as stated earlier, this period of suspension should not run concurrently with that provided in item 2.

By extending such leniency the majority loses sight of the fact that, indirectly, both the bench and bar are on trial before the public in all disciplinary actions. As we said in *In re Kennedy, supra,* treating this same subject, punishment must be sufficient to restore and maintain respect for the honor and the dignity of the legal profession. We went on to say it is imperative that those who seek the services of lawyers must be assured that the penalties for unprofessional conduct will be strictly enforced.

What was said in *Kennedy* is even more applicable in the instant case. The failure to follow this standard causes me to dissent.

HAMILTON, C.J., HALE and UTTER, JJ., concur with STAFFORD, J.